# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHELLE D. MASTERS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0312** (BOR Appeal No. 2050919)
(Claim No. 2013024698)

**GREENBRIER HOTEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle D. Masters, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier Hotel Corporation, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 3, 2016, in which the Board affirmed an October 21, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 16, 2015, decision to deny a reopening request for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Masters, a culinary instructor for Greenbrier Hotel Corporation, injured her neck and shoulder on July 11, 2012, while lifting a mini fridge onto a countertop. The claims administrator held the claim compensable on July 18, 2012, for a sprain of the shoulder/arm and neck as well as overexertion and strenuous movement. An MRI performed the same day revealed a left lateral C5-C6 disc protrusion creating nerve root encroachment, a small posterior central and left

1

paramidline C6-C7 disc protrusion creating no nerve root displacement, and a small focal posterior central T1-T2 disc protrusion creating no cord compression.

Robert Thompson, M.D., of the Greenbrier Clinic, examined Ms. Masters on July 20, 2012, and stated that she suffered from cervical disease. He suggested physical therapy and advised Ms. Masters to remain off work until further evaluation. Bruce Guberman, M.D., completed an independent medical evaluation on October 18, 2012, in which he opined that her treatment up to this point had been medically necessary and appropriate. Dr. Guberman believed that Ms. Masters was not at her maximum degree of medical improvement in the cervical spine and would benefit from follow-ups with her treating physician and a nerve conduction study. Dr. Guberman believed Ms. Masters's shoulders were doing well and are not the source of her problems. He found her to be at maximum medical improvement in relation to her shoulders and opined that she did not suffer any whole person impairment related to them.

On May 23, 2013, Joseph Grady, M.D., performed an independent medical evaluation which he noted that Ms. Masters had already completed forty-four physical therapy sessions up to this point with reports that they provided some relief. He noted that she had an MRI and a nerve conduction study as well. She has also been treated with oral steroids and returned to work after a few weeks on a part-time basis. He concluded that it would be reasonable for her to consider having injections in her neck in light of her structural abnormalities. Dr. Grady opined that if she did not wish to pursue those, or if they cannot be performed, Ms. Masters would likely then be at maximum medical improvement. He believed the use of a nonsteroidal anti-inflammatory medication, such as Naproxen, was reasonable. He declined to provide an impairment rating for her neck at that time and found no whole person impairment for the shoulders.

Ms. Masters underwent cervical epidural injections on January 14, 2014. On May 12, 2014, A.E. Landis, M.D., performed an independent medical evaluation. Dr. Landis opined that she was at maximum medical improvement in relation to all her injuries. However, he opined that Ms. Masters would require some ongoing treatment to maintain her maximum degree of medical improvement. Dr. Landis recommended the regular use of a home cervical traction device. He assessed 8% whole person impairment.

Rebecca Thaxton, M.D., performed a physician's review on November 16, 2014, which addressed the reasonableness of the requested repeat cervical MRI, cervical nerve block, and occupational therapy. Dr. Thaxton did not recommend payment for the repeat cervical MRI and occupational therapy. She did recommend payment of the repeat cervical nerve block. Dr. Thaxton opined that the physical therapy in this claim has been excessive and exceeds the guidelines set forth in West Virginia Code of State Rules § 85-20 (2006). She concluded that occupational therapy is no longer reasonable or within the treatment guidelines. Dr. Thaxton stated that an MRI performed now would not be reflective of the acute injury from 2012, and therefore should not be approved.

On June 22, 2015, Celia McLay, M.D., filed an application to reopen the claim for temporary total disability benefits alleging an aggravation and/or progression of her compensable

injury. Dr. McLay completed and signed the physician's portion on June 29, 2015, and opined that Ms. Masters suffered from the listed diagnoses of cervicalgia, cervical disc herniation with radiculopathy, fibromyalgia, neck pain, right shoulder and upper back pain, upper extremity weakness, numbness and tingling in the hands with decreased shoulder abduction, and pain with upper extremity use. On July 16, 2016, the claims administrator denied the application to reopen the claim for temporary total disability benefits.

On August 20, 2015, Ms. Masters was deposed. She testified about her injury and the treatment she has received thus far. She was originally treated at the Greenbrier clinic and then she had vocational rehabilitation. She returned to work in a modified form in October of 2012 and started full duty sometime thereafter. Around January of 2015 her workload increased which she stated put more strain on her neck.

On October 21, 2015, the Office of Judges concluded that Ms. Masters was not temporarily and totally disabled as a result of her July 11, 2012, injury. The Office of Judges noted that Ms. Masters's treating physician, Dr. McLay, asserted that she was temporarily and totally disabled because of the diagnoses of cervicalgia, cervical disc herniation with radiculopathy, fibromyalgia, neck pain, right shoulder and upper back pain, upper extremity weakness, numbness and tingling in the hands with decreased shoulder abduction, and pain with upper extremity use. The Office of Judges found that none of the diagnoses listed in the reopening application are compensable conditions of this claim. The Office of Judges also noted that Ms. Masters reached maximum medical improvement on May 12, 2014, for the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on March 3, 2016.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The compensable diagnoses in this claim are sprain of the shoulder/arm, sprain of the neck, and overexertion/strenuous movement. Ms. Masters reached maximum medical improvement for these injuries. Additionally, Ms. Masters failed to demonstrate that she sustained an aggravation or progression of her compensable injuries. Therefore, she is not entitled to a reopening of her claim for further consideration of temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker